Case 1:05-cr-00090-JEC   Document 20   Filed 03/07/06   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
MAR 07 2006
LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL CASE NO. |
| v. | |
| | 1:05-CR-0090-JEC |
| KARIM ABDUL RASHADA, | |
| Defendant. | |

**ORDER**

This case is before the Court on defendant's Plan to Maintain Stable Residence and For Consistent Use of Medication.

Previously, the Court had held a hearing on the Government's Petition to Revoke Supervised Release. The basis for the petition was defendant's almost total failure to comply with the conditions of supervised release since the beginning of his release term in April 2005.

At that hearing, the parties agreed that compliance with the conditions of supervised release is difficult for the defendant, given his mental illness. Moreover, this mental condition is exacerbated by the defendant's failure, on occasion, to take his prescribed medications. The Government and defendant recommended that the defendant's supervised release be terminated, given the difficulties inherent in supervising him, as well as the fact that

AO 72A
(Rev.8/82)

the defendant had previously been incarcerated for a longer period of time than was called for by the Sentencing Guidelines for defendant's crime of bank larceny.

The Court recessed the hearing to allow the defendant to cooperate with his counsel in preparing a plan that would facilitate defendant's maintaining of a stable residence and his consistent use of medication. Defendant has now submitted such a plan. Defendant proposes that he be released from custody, after which he has agreed to participate in mental health counseling and to maintain his medication regimen at the Clifton Springs Mental Health Program. Defendant indicates that he has previously been treated at that facility and that Clifton Springs can monitor and dispense his medications, as well as observing his mental status. Upon observing any severe deterioration of the defendant's mental health, the staff at Clifton Springs has the authority to involuntarily commit the defendant.

As to his plans for maintaining a stable residence, defendant's family are involved in assisting him in getting medical attention and in providing him with a place to live. Defendant's sister, Ameerah Rashada, is the payee for his Social Security disability payments, which money can be utilized to pay for defendant's support.

Defendant recommends that this Court release him from incarceration, terminate his supervised release, and allow him to

AO 72A
(Rev.8/82)

begin implementation of this plan. The Government concurs.

The Court appreciates the efforts that the defendant, himself, has made to become involved in the planning of his own future and hopes that he will be successful. The Court directs that the Marshal's Service **release the defendant to the custody of a family member or friend, who shall be present to transport the defendant** to the home of a family member or to a temporary residence selected by the family. Defense counsel shall confirm that, to the best of counsel's knowledge, the person picking up the defendant is a family member. **Defendant's release shall occur as soon as a family member or family friend can arrive to pick him up.**

The Court will **not** terminate supervised release at this time, however. Instead, the Court will relieve the United States Probation Office of any responsibility for further supervising the defendant, once the probation officer has determined that the defendant has begun his treatment at Clifton Springs and that he has a place to stay. The Court envisions that **supervision by the probation officer should end within two weeks of the issuance of this Order**, at the latest.

Once the probation officer has satisfied herself of the above, there will be no further direct supervision of the defendant by the probation officer: meaning that the defendant is no longer required

3

to make restitution payments,[1] contact his probation officer, or comply with the other reporting requirements previously given to him.

As to what is expected of the defendant, he shall continue not to violate any laws, and should he do so, his supervised release could be revoked. Moreover, the Court expects the defendant to continue regularly reporting to Clifton Springs to be observed and to maintain his medication regimen. He has given the Court his word that he will do so.

Although the Court will not be actively monitoring the defendant to ensure that this happens, should the Court learn that the defendant is not regularly reporting to Clifton Springs and that defendant has suffered a substantial decline in his mental condition, the Court will be free to revoke the defendant's supervised release or to take other steps.

Finally, as an incentive for the defendant to make his best efforts to succeed, the Court will terminate his supervised release **one year from the date of this Order**, if the Court has received no indication that defendant has failed to make efforts to continue taking his medicine.

---

[1] The Court eliminates any restitution payments as part of the conditions of supervised release. In the unlikely event that a victim has obtained a judgment against the defendant, the Court, of course, does not intend to alter any such judgment.

SO ORDERED this 7 day of March, 2006.

                                            JULIE E. CARNES
                                            UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)